IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

February 4, 2009

Charles R. Fulbruge III
Clerk

No. 08-50335

————

In the Matter of:  SHERRY L BELCHER

Debtor

-------------------------------------------------------------------------

SHERRY L BELCHER

Appellant

v.

JOHN DOE; JOHN O'DOWD; GAYLE O'DOWD

Appellees

————

Appeal from the United States United States District Court
for the Western District of Texas
USDC No. 5:06-CV-1068

————

Before REAVLEY, BARKSDALE, and GARZA, Circuit Judges.

PER CURIAM:[*]

Debtor Sherry L. Belcher appeals from the district court's order affirming the bankruptcy court's adjudication of two state-law causes of action in an adversary proceeding.  After reviewing the parties' briefs, the record, and the

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

applicable law, the district court's judgment is MODIFIED for the following reasons:

1. The bankruptcy court had jurisdiction over the trespass to try title action and the claim that Belcher violated TEX. HEALTH & SAFETY CODE § 81.103 under its "related to" jurisdiction because both causes conceivably could have affected the bankruptcy estate. See 28 U.S.C. §1334; In re Wood, 825 F.2d 90, 93 (5th Cir. 1987). We need not decide whether a violation of TEX. HEALTH & SAFETY CODE § 81.103 is a personal injury tort under 28 U.S.C. § 157(b)(5) because Belcher impliedly consented to the bankruptcy court's jurisdiction by failing to object in both the bankruptcy court and the district court. See In re Tex. Gen. Petroleum Corp., 52 F.3d 1330, 1337 (5th Cir. 1995).

2. Belcher fails to explain what witnesses and photographs she was precluded from offering or how denial of the evidence harmed her. She also provides no record citation for the purported real estate instruments. We find no error in the bankruptcy court's evidentiary rulings. See, e.g, Triple Tree Golf, Inc. v. Nike, 485 F.3d 253, 265 (5th Cir. 2007) (holding that evidentiary rulings, which are reviewed for abuse of discretion and subject to harmless error analysis, will be affirmed unless a substantial right has been affected).

3. We do find error in the bankruptcy court's ruling that Belcher violated TEX. HEALTH & SAFETY CODE § 81.103 because there is no evidence that Belcher knew of Doe's test. She knew of his health condition from what he had told her, but nothing was said to her about a test or medical proof. See New Times, Inc. v. Doe, 183 S.W.3d 122 (Tex. App. 2006).

The judgment is modified to vacate the award of $1,000 damages to John Doe for violation of the Health & Safety Code. The district court remanded to the bankruptcy court the award of attorneys' fees, and that is not before us. We

leave that matter where it is, with however our present ruling may affect it.

AFFIRMED AS MODIFIED.